UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD PETERSON, dba Commercial Wallcovering, <br><br> Defendant. | No. 3:14-cv-00885-HU <br><br> **FINDINGS AND RECOMMENDATION** |

HUBEL, Magistrate Judge:

This matter comes before the Court on Plaintiffs' motion (Docket No. 14) for an order to show cause regarding contempt and sanctions.

**BACKGROUND**

Plaintiffs filed this action against Defendant on June 2, 2014, alleging a single cause of action for breach of a collective bargaining agreement and violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Among other things, Plaintiffs sought a decree and judgment

Page 1 - FINDINGS AND RECOMMENDATION

requiring Defendant to make available to an auditor "all books, payroll records, information, data, reports and other documents necessary for [an] auditor to determine whether Defendant has made all required fringe benefit contributions on behalf of all individuals performing work covered by the collective bargaining agreement from January 1, 2011, through the date this lawsuit [wa]s filed[.]"  (Compl. at 6, ¶ 1.)

A summons was returned executed by Plaintiffs showing service of the summons and complaint on Defendant on June 12, 2014. Plaintiffs' counsel served their first request for production of documents on Defendant that same day, June 12, 2014.  (Cadonau Decl. [Docket No. 7] ¶ 3.)  On July 18, 2014, six days after the response to the request for production was due, Plaintiffs' counsel, Cary Cadonau, "spoke with [D]efendant on the phone at which time he assured [Cadonau] that the responsive documents would be produced within two weeks[.]"  (Cadonau Decl. ¶ 3.)  On August 7, 2014, Plaintiffs filed a motion to compel production of documents, namely, documents that would allow Plaintiffs "to conduct a payroll verification examination to determine whether [D]efendant accurately reported all bargaining-unit work for the time period of January 1, 2011, to date."  (Cadonau Decl. ¶ 2.)

During a telephone hearing held on October 9, 2014, the Court granted Plaintiffs' motion to compel production of documents, denied Plaintiffs' request for attorney's fees, ordered Defendant (who failed to appear for the hearing) to produce the requested documents by October 24, 2014, and set a status conference for November 5, 2014.  After Defendant failed to comply with the Court's order on Plaintiffs' motion to compel, Plaintiffs filed a

Page 2 - FINDINGS AND RECOMMENDATION

motion for an order to show cause regarding contempt and sanctions on October 31, 2014.

By way of a scheduling order dated November 5, 2014, the Court ordered both parties to appear in person for a December 15, 2014 hearing on Plaintiffs' motion for an order to show cause regarding contempt and sanctions. In addition to mailing copies of this Court's scheduling order and Plaintiffs' moving papers to Defendant, the Clerk of Court also made two attempts to contact Defendant using a telephone number provided by Plaintiffs' counsel. Both attempts to contact Defendant by telephone were unsuccessful, however.

On December 15, 2014, Plaintiffs filed an affidavit of service indicating that Defendant had been personally served with the Court's November 5, 2014 scheduling order and Plaintiffs' moving papers on November 23, 2014. Despite the foregoing, Defendant failed to comply with the Court's order to appear in person on December 15, 2014, for the hearing on Plaintiffs' motion for an order to show cause regarding contempt and sanctions.

## DISCUSSION

At the outset, the Court notes Plaintiffs' service of a discovery request simultaneously with service of the summons and complaint. Both Federal Rule of Civil Procedure ("Rule") 26(d) and Local Rule 26-1 require the parties to complete the discovery planning conference required by Rule 26(f) **before** engaging in discovery. This was not done in this case. However, an argument can be made that the conversation Plaintiffs refer to between their attorney and Defendant by telephone on July 18 either satisfied this requirement or was a waiver of it by Defendant. In granting

Page 3 - FINDINGS AND RECOMMENDATION

the motion to compel filed by Plaintiffs for this discovery, the Court had ordered discovery to proceed on this record, and the Court notes that Defendant's consistent failure to respond is ample reason to allow discovery to proceed.

During the telephonic hearing held on November 5, 2014, the Court expressed concern as to whether it could properly order a defendant to produce documents in response to a request for production when, as here, the defendant has not appeared in the lawsuit. To that end, Plaintiffs filed a reply brief in support of their motion for an order to show cause regarding contempt and sanction, which addressed that issue. Citing *Blazek v. Capital Recovery Associates, Inc.*, 222 F.R.D. 360 (E.D. Wisc. 2004), and *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010), Plaintiffs contend that

> where, as here, the defendant has not been declared to be in default, the defendant retains all the rights, and thus obligations, of a party. Accordingly, despite his lack of appearance in this case, Defendant remains a party, and thus should and must be held to account for his continued failure to comply with plaintiffs' discovery requests and this Court's discovery orders.

(Pls.' Reply Br. at 5.)

In *Blazek*, the clerk entered the defendant's default after it failed to answer or otherwise appear. *Blazek*, 222 F.R.D. at 360. Since the district court had authorized the plaintiff to engage in discovery prior to entry of default, and since the defendant failed to respond to the plaintiff's interrogatories, the plaintiff sought an order compelling the now-defaulted defendant to do so. *See id*. The plaintiff "wishe[d] to take discovery of [the] defendant in order to determine the composition of the class and the amount of

Page 4 - FINDINGS AND RECOMMENDATION

damages," and "[s]he state[d] that this information [wa]s necessary to enable her to obtain a default judgment." *Id.*

The *Blazek* court noted that federal discovery rules "distinguish between parties and non-parties but do not indicate which category a defaulting defendant falls into." *Id.* at 360-61. According to the *Blazek* court,

> The federal rules suggest several reasons in favor of treating a defaulting defendant as a party. [Rule] 55, which governs default judgments, seems to refer to a defaulting defendant as a party, stating that 'if a party against whom judgment by default is sought has appeared in the action, the *party* (or, if appearing by representative, the *party's* representative) shall be served with written notice of the application for judgment at least [three] days prior to the hearing on such application.' Also, a defaulting defendant retains some of the rights of a non-defaulting party, as, for example, the right to contest the amount of damages and to litigate conclusions of law.

*Id.* at 361 (citation omitted) (emphasis in the original). Ultimately, however, the *Blazek* court determined that it should treat a defaulted defendant as a non-party and denied the plaintiff's motion to compel, stating:

> Under the federal rules, a defaulting defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint. Thus, by defaulting, a defendant can reasonably be regarded as having given up most of the benefits that status as a party confers. A defendant may choose to default for any number of reasons including, for example, cost, or, as plaintiff in the present case points out, for reasons of strategy. However, once a defendant has made the decision to default and become, as it were, a non-party, it would not seem fair to force such defendant to participate in an action to a greater degree than could be required of other non-parties.
>
> Further, . . . [pursuant to Rule] 45, plaintiff could subpoena defendant for the purpose of taking a deposition pursuant to [Rule] 30(a)(1). However, because Rule 45(b)(2) imposes a limit on the distance a non-party

Page 5 - FINDINGS AND RECOMMENDATION

>may be forced to travel pursuant to a subpoena, plaintiff would have to go to defendant's place of business in Pennsylvania to take the deposition. Plaintiff argues that it is inequitable to force her to incur the expense of traveling to Pennsylvania to obtain information from a defaulting defendant that she could obtain from a non-defaulting defendant through interrogatories. But, as indicated, by defaulting defendant chose to be free of the obligations associated with participating in the litigation as a party and paid a price for that decision. Having elected, in essence, to give up party status, defendant should not have to bear the burdens that the discovery rules impose on parties. Thus, I do not find it inequitable to require plaintiff to travel to Pennsylvania to obtain evidence relevant to the issues remaining in the case.
>
>   THEREFORE, IT IS ORDERED that plaintiff's motion to compel discovery is DENIED.

*Id.* at 361-62 (internal citations omitted).

Six years later, in *Jules Jordan*, the Ninth Circuit endorsed the *Blazek* court's analysis, stating:

>The [federal] rules do not indicate into which category a defaulted defendant falls, and there is little guidance in the case law. We agree with the *Blazek* court's analysis, however, that a defaulted defendant should be treated as a non-party. As the court in *Blazek* noted, a defaulted defendant loses many of the rights of a party, chief among them the right to contest the factual allegations of the complaint. A defaulted defendant cannot answer the complaint unless and until the default is vacated. It stands to reason that if a defaulted defendant cannot answer allegations of the complaint, it also cannot respond to requests for admissions, at least until the default is vacated. Therefore, we agree with the Kaytel defendants that the trial court erred in deeming the requests admitted for failing to respond when Kaytel Distribution was prevented from responding by the court's entry of default. We also agree that the court abused its discretion when, after vacating the default, it refused to give Kaytel Distribution time to respond.

*Jules Jordan*, 617 F.3d at 1159 (internal citation omitted).

In this Court's view, the analysis of this case law is illogical and should not be followed. The Court notes that judgments are not entered against non-parties, but they are

Page 6 - FINDINGS AND RECOMMENDATION

routinely entered against defaulting defendants.  The analysis strains to find a reason to complicate the discovery process by pointing out that a defaulted defendant cannot contest the well-pleaded facts and therefore should not have to produce discovery, presumably regarding them.  Having acquired jurisdiction over Defendant by proper service, the Court sees nothing to suggest the non-appearing defendant has the ability to limit the Court's inherent power to manage its docket by choosing not to appear.

Additionally, Plaintiffs request by this discovery everything the complaint seeks.  Namely, an interpretation of the requirement in the collective bargaining agreement for Defendant to provide records when requested, and the Court's order to provide them.  Interpretation of a contract is a question of law for the Court, and an issue *Blazek* acknowledges even a defaulted defendant retains the right to litigate.  *Blazek*, 222 F.R.D. at 361.  This is not a discovery request leading to a judgment for damages in this action as currently pled, unless Plaintiffs seek such an award as "further equitable relief."  (Compl. at 7.)  If that occurs, then the discovery sought would be to support a judgment for unliquidated damages, also an issue Defendant can litigate whether defaulted or not.

Defendant also has not yet been defaulted, another distinction leaving Defendant still subject to orders of the Court regarding discovery as a party even if the logic (or lack thereof) of *Blazek's* rulings is held to apply.  For the reasons stated, the Court bases this recommendation not on *Blazek*, but on the party status of Defendant and Defendant's right to litigate the interpretation of the collective bargaining agreement, or to

Page 7 - FINDINGS AND RECOMMENDATION

contest the damages issue if, at the time of a default judgment or trial, Plaintiffs pursue a damages judgment in this case. This right to contest these issues remains with Defendant as a party to this case and it carries with it the obligation to respond as a party to discovery requests.

On the issue of contempt, the Court does not recommend a finding of contempt given the lack of a clear Rule 26(f) discovery planning conference giving Plaintiffs the right to proceed with discovery. The previous order of production properly remains in force based on the representation of Plaintiffs' counsel that Defendant had agreed in a telephone conversation to produce the discovery. However, where a plaintiff fails to comply with the rules for initiating discovery, and relies only on its attorney's representations that a defendant agreed to produce the material, the Court does not recommend ordering a contempt sanction of $500 per day for non-production at this time. This is especially true where the defendant has never appeared or filed anything with the district court on any issue. Instead, the Court recommends that the District Judge enter an order requiring Defendant to produce the material Plaintiffs have been requesting without the need for a discovery planning conference, and that failure by Defendant to do so by a date selected by the District Judge will result in entry of a contempt order. The contempt order should (1) require Defendant to pay a fine of $500 per day for each day he fails to comply with the deadline for production of the material by the date selected by the District Judge, and (2) if Defendant fails to comply with the court-imposed deadline, the order should allow Plaintiffs to present a petition for an award of attorney's fees

Page 8 - FINDINGS AND RECOMMENDATION

incurred to get the documents produced.

**CONCLUSION**

For the reasons stated, Plaintiffs' motion (Docket No. 14) for an order to show cause regarding contempt and sanctions should be GRANTED in part.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **March 2, 2015.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **March 19, 2015.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this  9th  day of February, 2015.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 9 - FINDINGS AND RECOMMENDATION